1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

8
9
10

| COLLEEN M. BARRIOS, | ) | NO. CV 16-3984-KS |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| v. | ) | |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

18
19

**INTRODUCTION**

20
21

Plaintiff filed a Complaint on June 6, 2016, seeking review of the Commissioner's denial of her applications for Title II Social Security disability insurance benefits ("DIB") and Title XVI supplemental security income ("SSI") benefits. (*See* Dkt. No. 1.)  All parties have consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. (*See* Dkt. Nos. 11, 12.)  On January 10, 2017, the parties filed a document titled "Joint Stipulation" (Dkt. No. 17), and that same day, January 10, 2017, the parties filed

1

a document entitled "Joint Stipulation (Amended)" ("Am. Joint Stip.") (Dkt. No. 18).[1]

Plaintiff seeks an order reversing the Commissioner's decision denying her applications and remanding the case for further proceedings. (Am. Joint Stip. at 15.) The Commissioner requests that the decision be affirmed or, in the alternative, that the case be remanded for further administrative proceedings. (*id.*) The Court has taken the matter under submission without oral argument.

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

On October 17, 2012, plaintiff filed applications for DIB and SSI benefits, alleging a disability onset date of July 13, 2012. (*See* AR 27.) Plaintiff was born on December 8, 1961, and at the time she filed her applications she was 50 years old, which is defined as an "individual closely approaching advanced age." (AR 34.) After initial denials, a first hearing before an Administrative Law Judge ("ALJ") was convened on May 5, 2014. (AR 27, 82-92.) Plaintiff appeared alone at that hearing because she had just recently lost the attorney who had been representing her, and the ALJ allowed a continuation of the hearing to give plaintiff the opportunity to obtain new representation and perhaps submit further medical records. (AR 82-92.)

Another hearing was convened on October 27, 2014, and plaintiff appeared represented by an attorney. (AR 40-81.) Plaintiff testified she was 5' 4" tall, weighed 155 pounds, and had three children and two grandchildren. (AR 45-46.) Plaintiff said she

---

[1] The Court finds no explanation in the record from the parties about why they filed the Amended Joint Stipulation on the same day that they filed the original Joint Stipulation. Nevertheless, the Amended Joint Stipulation supersedes the original Joint Stipulation, and the Court will treat the Amended Joint Stipulation as the operative joint stipulation of record in this action. *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1262 (9th Cir. 1992) (amended pleading supersedes original pleading, and original pleading no longer performs any function and is treated as "non-existent" after amendment) (citing, *inter alia, Loux v. Rhay,* 375 F.2d 55, 57 (9th Cir. 1967)).

had worked a "seasonal job" at a fishery in Alaska, working "18-hour days" and doing "hard work," but she testified that the last time she was there her hands were so swollen she could only "put stamps on envelopes and boxes," and she said that they "sent me home right away." (AR 48-49, 55; *see also* AR 32.)  A vocational expert ("VE") testified at the second hearing. (*See* AR 71-77.)  The ALJ told the VE that "I'm going to find that none of the past work was performed at SGA levels" (that is, none of plaintiff's past work rose to the level of "substantial gainful employment" (aka "SGA")), and the VE said "[o]kay."  (AR 72.)

The ALJ then gave the VE several hypotheticals, including one based on a claimant with the RFC to perform light work with certain additional non-exertional limitations, including limitations to "simple job instructions" and "simple, routine, repetitive tasks." (*See* AR 72-73.)  The VE opined that, based on that RFC for light work with those non-exertional limitations, plaintiff could perform the following jobs:  (1) "information clerk," Dictionary of Occupational Titles ("DOT") no. 237.367-018, light, unskilled work at the "Specific Vocational Preparation" ("SVP") level of 2; (2) "messenger," DOT no. 239.567-010, light, unskilled work at the SVP 2 level; and (3) "shipping and receiving weigher," DOT no. 222.387-074, light work at the SVP 2 level.  (AR 73-74.)

In responding to a question from plaintiff's attorney, the VE acknowledged that, if the exertional level for each of those three jobs was reduced from light to sedentary, plaintiff could not perform any of those jobs.  (AR 76.)  In response to a question from the ALJ, the VE asserted that his testimony was consistent with the DOT.  (AR 77.)

**SUMMARY OF ADMINISTRATIVE DECISION**

On January 9, 2015, the ALJ issued an opinion denying plaintiff's applications for DIB and SSI benefits at step five of the sequential evaluation.  (AR 27-35.)

3

1    The ALJ found that plaintiff had the following "severe" impairments: (1) tendinosis

2    of the shoulders with effusion and tearing of the left shoulder; (2) joint space narrowing of the

3    acromioclavicular joints bilaterally; (3) cervical spondylosis; (4) degenerative disc disease of

4    the lumbar spine including disc space narrowing; (5) joint space narrowing of the knees; (6)

5    hepatitis C; (7) hypothyroidism; (8) headaches; (9) bilateral carpal tunnel syndrome; (10)

6    inflammatory arthritis; and (11) a depressive disorder. (AR 29.)

7

8    The ALJ found that plaintiff had the residual functional capacity ("RFC") for light

9    work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), but with certain "nonexertional

10   limitations." (AR 31.) Despite those "nonexertional limitations," the ALJ determined that

11   plaintiff still had the RFC to be "able to understand, remember, and carry out simple job

12   instructions"; and "to maintain attention and concentration to perform simple, routine, and

13   repetitive tasks." (*Id.*) The ALJ also found that plaintiff had the RFC to be "able to interact

14   frequently with coworkers, supervisors, and the general public"; "to work in an environment

15   with occasional changes to the work setting"; and "to make occasional work-related

16   decisions." (*Id.*) At step four of the sequential evaluation, the ALJ concluded that

17   "[t]ransferability of job skills is not an issue because the claimant does not have past relevant

18   work." (AR 34.)

19

20   At step five, the ALJ went on to find that plaintiff had the RFC to perform three jobs

21   identified by the VE: (1) "information clerk," DOT no. 237.367-018, light unskilled work,

22   SVP 2, with 51,000 jobs in the national economy; (2) "messenger," DOT no. 239.567-010,

23   light unskilled work, SVP 2, with 82,000 jobs in the national economy; and (3) "shipping and

24   receiving weigher," DOT no. 222.387-074, light unskilled work, SVP 2, with 36,000 jobs in

25   the national economy. (AR 34-35.) The ALJ stated that, pursuant to Social Security Ruling

26   ("SSR") 00-4p, the ALJ had "determined that the [VE's] testimony is consistent with the

27

28

4

information contained in the [DOT]." (AR 35.)[2]  Thus, the ALJ found that plaintiff has not been under a disability as defined in the Social Security Act from July 13, 2012, the alleged onset of disability date, through February 9, 2015, the date of the ALJ's decision.  (AR 35.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).  "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted).  "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

Although this Court cannot substitute its discretion for the Commissioner's, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal quotation marks and citation omitted); *Desrosiers v. Sec'y of Health and Hum. Servs.*, 846 F.2d 573, 576 (9th Cir. 1988).  "The ALJ

---

[2] The Court notes that the ALJ gave the VE an additional hypothetical at the hearing that included a restriction on the "frequent handling" that some of the jobs required. (*See* AR 74-75.)  The VE testified that the numbers for the three jobs would be "eroded" by "about one-half to two-thirds" if plaintiff were not able to perform "frequent" handling in those jobs. (AR 74.)  Because the ALJ did not include any further exertional limitation on plaintiff's handling ability in the final RFC, it appears that the ALJ used the VE's raw, total numbers without any "erosion" due to exertional limitations. (*See* AR 34-35, 73-75.)

is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn*, 495 F.3d at 630; *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "'inconsequential to the ultimate nondisability determination,' or if despite the legal error, 'the agency's path may reasonably be discerned.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal citations omitted).

## DISCUSSION

### I.      Disputed Issue

The parties' Amended Joint Stipulation sets forth a single disputed issue:

(1)      "Whether the ALJ carried the Administration's burden at step five." (Am. Joint Stip. at 4.)

Plaintiff contends that her RFC "does not allow for the performance of the occupations identified at step five" where the VE's testimony deviated from the DOT and the ALJ failed to resolve or explain the conflict. (Am. Joint Stip. at 5.)

//
//
//

**III.    The ALJ's Step Five Finding Is Not Supported by Substantial Evidence**

Plaintiff argues that because the ALJ found that plaintiff's RFC only allowed for the ability "to understand, remember, and carry out simple job instructions," and found that plaintiff was only able "to maintain attention and concentration to perform simple, routine, and repetitive tasks," plaintiff does not have the reasoning ability necessary to perform any of the three jobs identified by the VE from the DOT, and relied upon by the ALJ at step five. (*See* Am. Joint Stip. at 7-11, 14-15.)   Specifically, plaintiff argues that the ALJ's RFC limitation to "simple job instructions" is consistent with a "Reasoning Level 1" ability, and since each of the three jobs require a reasoning ability of "Level 2" or greater, the opinion from the VE and the ALJ's decision are not supported by substantial evidence.  (*See, e.g.,* Am. Joint Stip. at 9.)

A.    Applicable Law

When the ALJ determines at step four that the claimant cannot perform her past relevant work, the ALJ proceeds to step five to determine whether the claimant is able to do any other work that exists in "significant numbers" in either the national or local economies, given the claimant's RFC, age, education, and work experience.  *See* 20 C.F.R. §§ 404.1520 and 416.920; *Tackett v. Apfel,* 180 F.3d 1094, 1101 (9th Cir. 1999).  The ALJ has a "limited" burden at step five to establish the availability of other work that the claimant can do, but the ultimate burden of proving disability still rests with the claimant.  *See, e.g., Martinez v. Heckler,* 807 F.2d 771, 773 (9th Cir. 1986) (where claimant has established *prima facie* case of disability by showing that physical or mental impairments prevent her from performing past relevant work, burden shifts to Secretary at step five to show that claimant can perform other types of work given claimant's RFC, age, education, and work experience); *Bayliss v. Barnhart,* 427 F.3d 1211, 1217 (9th Cir. 2005) ("The claimant bears the burden of proving that she is disabled.") (citing *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir. 1999)).

7

1     The ALJ may call upon a VE at step five to testify about whether, given the claimant's

2   RFC, there are other jobs that the claimant could perform. *See Tackett,* 180 F.3d at 1101. In

3   doing so, the ALJ may pose hypothetical questions to the VE that set forth the claimant's

4   RFC for the VE's consideration, and, if the hypothetical is complete and is supported by

5   substantial evidence in the record, the ALJ may rely on the VE's testimony. *See Tackett, id.;*

6   *see also Bayliss,* 427 F.3d at 1217-18. "A VE's recognized expertise provides the necessary

7   foundation for his or her testimony . . . [and t]hus, no additional foundation is required."

8   *Bayliss,* 427 F.3d at 1218 (bracketed material added).

9

10     However, if the VE's testimony about a particular job deviates from the description of

11   that job in the DOT, the ALJ has an affirmative duty to ask the VE to explain the conflict, and

12   then the ALJ must determine whether the VE's explanation is reasonable before the ALJ can

13   rely on the VE's testimony. *See* SSR 00-4p; *Rounds v. Comm'r Soc. Sec. Admin.,* 807 F.3d

14   996, 1003 (9th Cir. 2015) (citing, *inter alia,* SSR 00-4p). Failure by the ALJ to recognize

15   that a VE's testimony conflicts with the DOT, or failure to adequately and reasonably explain

16   the conflict, may be grounds for a remand if the conflict was not harmless. *Rounds,* 807 F.3d

17   at 1004 (internal citations omitted).

18

19     The DOT describes various requirements for the performance of numerous individual

20   jobs in what it describes as "the Definition Trailer," and those job definitions include, among

21   other things, the "Reasoning Development" necessary to perform a particular job. *See* DOT,

22   Appendix C – Components of the Definition Trailer, 1991 WL 688702. The DOT Definition

23   Trailer details six levels of reasoning that may be required for a particular job, from

24   "Level 1," the lowest reasoning level, to "Level 6," the highest. The DOT Definition Trailer

25   for "Level 1" reasoning is as follows:

26

27

28

> Apply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.

DOT, Appendix C – Components of the Definition Trailer, 1991 WL 688702. The DOT Definition Trailer for "Level 2" reasoning states:

> Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.

*See id.* In contrast, "Level 6," the highest level, requires a worker to, among other things, "[a]pply principles of logical or scientific thinking to a wide range of intellectual and practical problems," and "[a]pprehend the most abstruse classes of concepts." *See id.*

B. Analysis

Plaintiff argues that the ALJ's finding that plaintiff can only handle "simple job instructions" and is limited to "simple, routine, and repetitive tasks" conflicts with the "reasoning level" required for each of the three jobs that the ALJ, based on the VE's testimony about the DOT, relied on in denying plaintiff's applications at step five. (Am. Joint Stip. at 7-11, 14-15; AR 31.) Plaintiff contends that the limitations that the ALJ posited in the RFC are consistent with a "Reasoning Level 1," and the three jobs that the ALJ found that plaintiff could still perform all require at least "Level 2" reasoning or higher. (Am. Joint Stip. at 7-8.)

9

1    Plaintiff relies on *Rounds v. Commissioner of Social Security Administration,* 807 F.3d

2    996 (9th Cir. 2015) as controlling on these issues. (*See* Am. Joint Stip. at 7-11, *citing*

3    *Rounds,* 807 F.3d at 1002-03.) In *Rounds* the Ninth Circuit held that, where a claimant's

4    RFC was limited to performing "one- and two-step tasks," but the ALJ, relying on a VE's

5    testimony, found that the claimant was nevertheless capable of performing jobs that required

6    "Level 2" reasoning, there was an unexplained conflict between the claimant's RFC and the

7    "Level 2" reasoning described in the DOT and the ALJ's failure to reconcile the conflict was

8    reversible error. *Rounds,* 807 F.3d at 1003-04. In *Rounds,* the Ninth Circuit found that a

9    claimant's inability to complete multi-step *tasks* contradicted a VE's opinion that the claimant

10   could follow detailed *instructions,* as required for Level 2 jobs, noting that "[o]nly tasks with

11   more than one or two steps would require 'detailed' instructions," and these were the kind of

12   tasks that the claimant in *Rounds* did not have the RFC to perform. *Rounds,* 807 F.3d at

13   1004.

14

15   Plaintiff argues that the defendant "all but concedes that there is a conflict between the

16   DOT and the finding that [plaintiff] could perform the occupations of information clerk, DOT

17   no. 237.367-018 and shipping and receiving weigher, DOT no. 22.387-074." (Am. Joint Stip.

18   at 14.) The Court agrees. Defendant does concede, looking at the information clerk and

19   receiving weigher jobs, that "it would appear that the reasoning levels [in those jobs] . . .

20   could present an 'apparent conflict' between the vocational expert's testimony and the DOT."

21   (Am. Joint Stip. at 12.)

22

23   The Court's own review reveals that the DOT states that the information clerk job

24   requires "Reasoning: Level 4," which includes, *inter alia,* the ability to "[i]nterpret a variety

25   of instructions furnished in written, oral, diagrammatic, or schedule form." (DOT no.

26   237.367-018.) Cases within the Ninth Circuit have found that Level 4 reasoning is clearly

27   incompatible with a claimant's RFC to "understand, remember, and carry out simple job

28   instructions" and "to perform simple, routine, and repetitive tasks." *See, e.g., Benavidez v.*

*Colvin,* No. C-13-00158 DMR, 2014 WL 1245643, at \*7 (N.D. Cal. Mar. 25, 2014) (where claimant was limited to execution of "simple one- and two-step commands," claimant only had RFC for Level 1 jobs "which require[] the lowest reasoning ability and [are] consistent with a limitation to simple unskilled work," and claimant could not perform jobs that required Level 4 reasoning) (citations and internal punctuation omitted).

The DOT states that the "shipping and receiving weigher" job requires "Reasoning: Level 3," which requires an ability to "carry out instructions furnished in written, oral, or diagrammatic form," and "[d]eal with problems involving several concrete variables in or from standardized situations." (DOT no. 222.387-074.) Cases in this Circuit have also found that Level 3 reasoning is incompatible with a claimant's RFC for simple job instructions and simple repetitive tasks. *See, e.g., Zavalin v. Colvin,* 778 F.3d 842, 847 (9th Cir. 2015) ("there is an apparent conflict between the residual functional capacity to perform simple, repetitive tasks, and the demands of Level 3 Reasoning"); *see also Bowman v. Colvin,* No. 3:16-CV-00267-HZ, 2017 WL 66390, at \*14 (D. Or. Jan. 6, 2017) (noting with approval holding in *Zavalin* that Level 3 reasoning is "at odds" with limitation to simple routine tasks).

Thus, the dispute here centers on whether a similar conflict also occurs with the third occupation, "messenger," DOT no. 239.567-010, which requires "Reasoning: Level 2." As noted, "Reasoning: Level 2" requires a worker to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions," and the ability to "[d]eal with problems involving a few concrete variables in or from standardized situations." *See* DOT, Appendix C, Components of the Definition Trailer, 1991 WL 688702. The issue is whether Level 2 is at odds with plaintiff's RFC "to understand, remember, and carry out simple job instructions," and the ability "to maintain attention and concentration to perform simple, routine, and repetitive tasks." (*See* AR 31.)

11

1        *Rounds,* which plaintiff argues is controlling, involved a circumstance where the ALJ

2    found that the claimant "can perform one to two step tasks with no public contact, no

3    teamwork and limited coworker contact." *Rounds,* 807 F.3d at 1001. At step five, the ALJ in

4    *Rounds* relied on a VE's testimony and determined that the claimant could perform a job that

5    required Level 2 reasoning. *Id.* at 1001-03. The reviewing court found that the situation in

6    *Rounds* was analogous to the *Zavalin* case, because in both instances the ALJ had not

7    recognized the apparent conflict between the claimant's RFC for reasoning and the reasoning

8    required for a job that the VE had opined the claimant could do based on a DOT description.

9    *Id.* at 1002-03 (discussing *Zavalin*). *Rounds* held that, while Level 1 reasoning requires a

10   worker to "carry out simple one- or two-step instructions," "tasks with more than one or two

11   steps" which "would require 'detailed' instructions" were beyond Level 1 reasoning. *Id.* at

12   1003 (internal quotations marks in original).

13

14       However, in *Rounds* the Ninth Circuit noted that a question may still be presented

15   about whether a limitation to "simple" or "repetitive" tasks could be consistent with Level 2

16   reasoning. *Id.* at 1005 n.6. The Court of Appeal cited several cases on the issue, including

17   two unpublished decisions from the Ninth Circuit and a published decision of the Eighth

18   Circuit. First, *Rounds* cited *Abrew v. Astrue,* 303 F. App'x 567, 569 (9th Cir. 2008), which

19   found that "there was no conflict between the ALJ's step five determination that Abrew could

20   complete only simple tasks and the vocational expert's testimony that Abrew could do jobs

21   that the U.S. Department of Labor categorizes at 'Reasoning Level 2'" because "the ALJ's

22   RFC determination was supported by substantial evidence and the VE testified that her

23   answers would be consistent with the Dictionary of Occupational Titles." *Rounds,* 807 F.3d

24   at 1005 n.6. Next *Rounds* cited *Lara v. Astrue,* 305 F. App'x 324, 326 (9th Cir. 2008), which

25   held that "Reasoning Level 1 jobs are elementary, exemplified by such tasks as counting

26   cows coming off a truck, and someone able to perform simple, repetitive tasks is capable of

27   doing work requiring more rigor and sophistication−in other words, Reasoning Level 2 jobs."

28   *Id.* Third, *Rounds* cited *Moore v. Astrue,* 623 F.3d 599, 604 (8th Cir. 2010), which found "no

direct conflict" between an RFC that included an ability to "handle simple job instructions," "interact with supervisors, coworkers, and the general public on an infrequent basis," and "perform[] basic mental demands of simple, routine, and repetitive work activity at the unskilled task level" and Level 2 reasoning in the DOT. *See Rounds, id.* Defendant cites an unpublished decision from the Eastern District of California for the proposition that "[t]here is a "general consensus within the Ninth Circuit that a limitation to simple and repetitive tasks is consistent with the jobs requiring Level 2 Reasoning." (*See* Am. Joint Stip. at 12-13, *citing Hernandez v. Colvin,* No. 2:14-cv-2142-CKD, 2015 WL 4730224, at *4 (E.D. Cal. Aug. 10, 2015).)

However, notwithstanding the cited cases indicating that Level 2 reasoning could be consistent with an RFC for performing "one- and two-step tasks," because the ALJ had not recognized or addressed the apparent conflict, the Ninth Circuit found that the case should be remanded to "determine whether there is a reasonable explanation to justify relying on the VE's testimony." *Rounds,* 807 F.3d at 1004. This Court also notes that, while the District Court in *Hernandez* found that Level 2 reasoning was not inconsistent with an ability to perform "simple and repetitive tasks with no high production work [sic]," and perform "only simple tasks . . . at a routine or repetitive pace," that court did not directly address the comparison at issue here. *See Hernandez,* 2015 WL 4730224 at *4-5. In *Hernandez* the court noted that "the Ninth Circuit Court of Appeals' decision in *Zavalin* still leaves unresolved the question of whether a RFC limitation to 'simple and repetitive tasks with no high production work' conflicts with the DOT's description of jobs necessitating the ability to perform Level 2 Reasoning." *Hernandez,* 2015 WL 4730224, at *4 (discussing *Zavalin,* 778 F.3d at 847).

Here, based on *Rounds* and *Zavalin*, the answer to the issue presented is not clear and remand is warranted to resolve the apparent conflict between the RFC, the VE's testimony and the DOT. It is undisputed that the ALJ at the hearing did not use the precise language

from either DOT "Reasoning Level 1" or "DOT Reasoning Level 2" when he set forth his hypothetical to the VE. (*See* AR 73-75.) That is, the ALJ did not explicitly posit limitations to "[a]pply commonsense understanding to carry out simple one- or two-step instructions," and to "[d]eal with standardized situations with occasional or no variables in or from these situations encountered on the job," as set forth in DOT Reasoning Level 1. (*See* DOT, Appendix C – Components of the Definition Trailer, 1991 WL 688702.) The ALJ also did not explicitly posit limitations to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions," and to "[d]eal with problems involving a few concrete variables in or from standardized situations," as set forth in DOT Reasoning Level 2. DOT, *id.* Rather, the ALJ posited an ability to "understand, remember and carry out simple job instructions," and an ability to "maintain attention and concentration to perform simple, routine, repetitive tasks." (*See* AR 73.) On its face then, there is an unexplained conflict between the DOT and the VE's testimony, which was based on a hypothetical that did not explicitly track either Reasoning Level 1 or Reasoning Level 2 from the DOT.

Review of the ALJ's opinion also reveals scant evidence or reasoning to explain how the ALJ arrived at the "RFC reasoning level" set forth in his opinion. (*See* AR 27-31.) The opinion notes plaintiff's severe impairments of "headaches" and "a depressive disorder," and also notes a "history of substance abuse," but found that "persistent and significantly limiting substance abuse is not established through the period at issue. (*See* AR 29-30.) The opinion notes "moderate difficulties" with "concentration, persistence or pace." (AR 30.) The opinion also notes that "the claimant's mental impairment has not caused at least two 'marked' limitations or one 'marked' limitation and 'repeated' episodes of decompensation . . . of extended duration . . . ." (AR 31.) The ALJ stated, without detailed explanation, that "the following [RFC] assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis" (set forth at paragraph B of the adult mental disorders listing in 12.00 of the Listings of Impairments (SSR 96-3p)." (AR 31.)

14

1    The ALJ also noted a May 2013 statement from plaintiff asserting "impairments

2    including depression and limitation in concentration." (AR 32.) The ALJ stated that "the

3    record does not document any psychiatric hospitalizations or other mental health treatment."

4    (AR 33.) The ALJ discounted an opinion from a treating physician, Dr. Carlos Perez

5    Rodriguez, D.O., who opined that plaintiff was "mildly to moderately limited in maintaining

6    concentration, persistence in tasks and an adequate work pace." (AR 33.) Although the ALJ

7    accepted plaintiff's testimony that she worked in an Alaskan fishery, he apparently did not

8    accept her testimony that in her most recent trip she could only "put stamps on envelopes and

9    boxes" and was "sent home right away," because the ALJ found that 2013 records indicating

10   that plaintiff was planning on returning to Alaska to work 18-hour days. (AR 32; AR 467.)[3]

11   Thus, based on plaintiff's work history, the ALJ found that plaintiff's PRW did not rise to the

12   level of SGA, and therefore plaintiff had no PRW. (*See* AR 72.)

13

14       In light of the ambiguities in the record, remand of the case to the Commissioner for

15   further proceedings is warranted. *Rounds* and *Zavalin* do not command a certain result here,

16   since neither decision dealt with the precise issue of whether the language of the "reasoning

17   RFC" at issue here is equivalent to the "Reasoning Level 2" required for the messenger job as

18   described in the DOT. This Court is not bound by the unpublished Ninth Circuit or District

19   Court cases cited by the defendant. *See, e.g.,* Ninth Circuit Rule 36-3(a), (b); *see also Jeff*

20   *Tracy, Inc. v. U.S. Specialty Ins. Co.,* 636 F. Supp. 2d 995, 1005 n.1 (C.D. Cal. May 5, 2009)

21   (unpublished Ninth Circuit cases not precedent and not binding, citing Ninth Circuit Rule 36-

22   3(a)-(c)). Likewise, this Court is not bound by the published opinion from the Eighth Circuit

23   cited in *Rounds. See, e.g., Barapind v. Enomoto,* 400 F.3d 744, 750-51 & n. 8 (9th Cir. 2005)

24   (en banc) (per curiam) (a district court is bound to follow the holdings of the Ninth Circuit

25   unless clearly in conflict with supervening authority).

26

27   _____

28   [3] At the October 27, 2014 hearing, plaintiff testified that she had been unable to do the work when she went to Alaska the
     previous year and stated, "I work 18-hour days and I do very hard work and I'm not able to do that now." (AR 48.)

15

To the extent that the cases cited by *Rounds,* and the *Hernandez* case cited by defendant, merely state that the ALJ confirmed with the VE that the VE's testimony was consistent with the DOT, and therefore the VE's testimony may be relied upon by the ALJ based on the VE's assertion, *Rounds* notes that VE testimony that is "ostensibly consistent" with the DOT, based on a VE's assertion, must nevertheless be "directly addressed" by the ALJ where there is a question about whether the ALJ's hypothetical corresponds to a reasoning level in the DOT. *Rounds,* 807 F.3d at 1003. Nonetheless, *Rounds* and *Zavalin* provide clear direction regarding the ALJ's affirmative duty to reconcile any inconsistency between a VE's testimony and the DOT when DOT requirements "appear more than the claimant can handle." *Id.* at 1003 (citing *Zavalin* and Soc. Security Ruling 00-4p.)

Here, as in *Rounds,* because the ALJ did not recognize the apparent conflict between plaintiff's reasoning RFC and the demands of Level 2 reasoning in the messenger job, it cannot be determined whether substantial evidence supports the ALJ's finding at step five. *See Rounds,* 807 F.3d at 1004. As a result, there is an unresolved conflict in the record. *Id.* Because this Court cannot affirm a decision of the Commissioner on a ground that the ALJ did not rely on, remand to resolve the ambiguity is appropriate. *See Rounds, id.* (citing *Zavalin,* 778 F.3d at 848). On remand, as in *Rounds*, "the ALJ must determine whether there is a reasonable explanation to justify relying on the VE's testimony" at step five. *Id.*

**CONCLUSION**

For the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for

defendant.

   LET JUDGMENT BE ENTERED ACCORDINGLY.

DATE:  April 20, 2017

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE